## RELEASE

This Release (the "Release") is made as of the 14th day of July, 2024 (the "Resignation Date"), even if signed on a different date, by and between Joshua Waggener ("Mr. Waggener"), an individual resident of the Commonwealth of Kentucky with an address of 8034 Oak Hurst Dr., Henderson, Kentucky 42420, in favor of Hutson, Inc., a Kentucky corporation, and its parent, related companies or affiliated entities, including Global Ag Source, Inc., Hutson, Inc.'s owner, and Hutson Inc., of Michigan, an affiliated entity, and any other affiliated entities (collectively referred to "Hutson") in the employment agreement referenced in first Recital below), with an address of 306 Andrus Drive, Murray, Kentucky 42071. Throughout this Release, Hutson and Mr. Waggener may be referred to individually as a "Party" or collectively as the "Parties."

## RECITALS

WHEREAS, Mr. Waggener is employed by Hutson as its Chief Executive Officer, pursuant to that certain Employment Agreement effective as of January 1, 2023, between Mr. Waggener and Hutson (the "Agreement"); and

WHEREAS, Mr. Waggener has decided to voluntarily resign his employment with Hutson effective as of the Resignation Date without Good Reason as is his right to do pursuant to Section 8(e) of the Agreement; and,

WHEREAS, this Release constitutes a final, complete and enforceable accord, settlement and release of all claims that Mr. Waggener has or may have against Hutson relating to or arising in any way from Mr. Waggener's status as an employee with and/or the termination thereof.

NOW, THEREFORE, in consideration of the promises, covenants and warranties contained herein, and of other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Mr. Waggener agrees with Hutson as follows:

## AGREEMENT

1. Mr. Waggener acknowledges and agrees that his employment with Hutson is hereby terminated in accordance with his voluntary resignation provided to Hutson and without Good Reason, and as a result, subject to the execution hereof, Mr. Waggener will be paid any Accrued Obligations (as defined in the Agreement). Mr. Waggener agrees that Hutson has no liability or obligation for severance compensation of any kind to him, however, Hutson will pay to Mr. Waggener: (i) a payment for all Accrued Obligations and transitional tasks in the total amount of $333,333.33 ("Separation Payment"), such Separation Payment being paid in one lump sum payment forty-five (45) days following the Resignation Date, in accordance with Hutson's standard payroll practices as an independent contractor consultant, with Hutson having no responsibility whatsoever for tax payments of any kind and Mr. Waggener being solely responsible for all withholdings and tax payments, and expressly conditioned upon Mr. Waggener's completion of the

transitional tasks in full to Hutson's satisfaction; and (ii) the total amount of $50,000 ("Consideration Payment") as consideration for execution of this Release, such Consideration Payment being paid in one lump sum payment. Hutson also agrees to pay for the cost of the premium for three (3) months of Mr. Waggener's health insurance coverage that he can elect to receive under COBRA.

2. In consideration of the Consideration Payment that Mr. Waggener is receiving or to receive in accordance with Section 1 of this Release, the adequacy of which he acknowledges is acceptable, Mr. Waggener releases and forever discharges Hutson, including any of Hutson's successors, assigns, parent, affiliated and subsidiary entities (the "Affiliates"), agents, attorneys, officers, directors, managers, executives, shareholders, owners, members, insurers (all collectively referred to as the "Released Parties"), regardless of whether the Released Parties may be liable in any way whatsoever, from all actions, causes of action, suits, debts, dues, sums of money, accounts, bonds, bills, covenants, controversies, agreements, promises, warranties, damages, judgments, executions, claims and demands whatsoever (including but not limited to any claims for legal costs, attorneys' fees, litigation expenses regardless of kind or court costs) that they may have against any of the Released Parties, whether presently known or unknown, or that they or any of their heirs, personal representatives, successors and/or assigns forever, acquire, now have or had, including, but not limited to, any claims pertaining to, premised upon, or in any way related to the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*, as amended (including the Equal Pay Act of 1963); any statute, law, rule or regulation of any federal, state, county, parish, township, city or local governmental entity regardless of type; any Kentucky wage and hour laws; any Kentucky state law regarding civil rights, discrimination or harassment, including but not limited to the Kentucky Civil Rights Act of 1966, as amended; any federal statute, law, rule or regulation, including but not limited to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*; the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601; the Retirement Income Security Act of 1974, as amended; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; the Consumer Credit Protection Act; the Occupational Safety and Health Act; the Genetic Information Nondiscrimination Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*, as amended; the National Labor Relations Act, 29 U.S.C. § 141, *et seq.*; the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(f), *et seq.*; any federal or state law or statute relating to employment or any other federal or state statutes, laws, or regulations; Kentucky common law and related claims; the workers' compensation laws of any state or jurisdiction; any contract or policy of insurance; Mr. Waggener's employment or the separation of his employment with Hutson, claims for wrongful discharge; constructive discharge; breach of contract; tortious interference with contract; unlawful terms and conditions of employment; retaliation; defamation; invasion of privacy; unlawful conspiracy; discrimination and/or harassment, as well as any other applicable local, state and/or federal statute and/or law governing discrimination in employment and/or the termination of employment or otherwise, regardless of basis, whether these claims or damages be now known or whether they be wholly unknown at the present time and are hereafter discovered (collectively, the "Claims").

Mr. Waggener hereby accepts the Consideration Payment provided for in this Release in exchange for releasing all of his Claims. He acknowledges that the Consideration Payment that he is receiving pursuant to this Release is good, valuable and sufficient consideration in exchange for the full and final release and satisfaction of all of his Claims, and that Hutson does not owe him anything in addition to what he will receive in accordance with the terms of this Release.

3. Mr. Waggener warrants and represents that he is a sophisticated businessperson who is capable of evaluating the terms and conditions of this Release. Mr. Waggener further warrants and represents that he has reviewed all aspects of this Release and has carefully read and fully understands all of this Release. Mr. Waggener acknowledges that he has the right to consult with an attorney of his own choosing to review this Release, at his own expense.

4. Mr. Waggener understands and agrees that in waiving and releasing any and all actual, potential, or threatened Claims against the Released Parties, whether or not now known to Mr. Waggener, this means that if Mr. Waggener later discovers facts different from or in addition to those facts currently known to his, or believed by Mr. Waggener to be true, the waivers and complete releases in this Release shall remain effective in all respects, regardless of such different or additional facts and Mr. Waggener's later discovery thereof, even if Mr. Waggener would not have agreed to this Release if he had knowledge of such facts.

5. Mr. Waggener acknowledges and agrees that he will continue to comply with his obligations and covenants as set forth in the Agreement to Protect Confidential Information, Assign Inventions, and Prevent Unfair Competition and Unfair Solicitation between Mr. Waggener and Hutson entered into effective as of January 1, 2023 (the "<u>Agreement to Protect</u>").

6. This Release shall not in any way be construed as an admission or concession by Hutson or the Released Parties of anything. Hutson is entering into this Release solely to reach a complete, full and final resolution with Mr. Waggener on behalf of the Released Parties.

7. Mr. Waggener agrees to cooperate with Hutson and its Affiliates in any internal investigation, any administrative, regulatory, or judicial proceeding or any dispute with any issues that may relate to his employment with Hutson. Mr. Waggener's obligation to cooperate hereunder includes, within reason, being available to Hutson and its Affiliates upon reasonable notice, and subject to the requirements and obligations of Mr. Waggener's then current employment duties, for interviews and factual investigations, appearing in any forum at Hutson's request to give testimony (without requiring service of a subpoena or other legal process), volunteering to Hutson or its Affiliates pertinent information, and turning over to Hutson or its Affiliates all relevant documents which are or may come into Mr. Waggener's possession. Mr. Waggener understands and agrees that the Consideration Payment provided for in this Release, in addition to being

consideration for the covenants and other commitments contained in the Release, is sufficient consideration for the services provided for in this Section 7. This compensation is not related to or conditioned upon the nature or content of Mr. Waggener's testimony, if any, nor on the outcome of any litigation, audit or other matter for which Mr. Waggener renders advice.  Hutson shall advance to, or promptly reimburse, Mr. Waggener for the reasonable out-of-pocket expenses that Mr. Waggener incurs in connection with such cooperation.

8. Each covenant on the part of Mr. Waggener contained in this Release is independent of any other provision of this Release and shall survive the termination of Mr. Waggener's employment as well as the Resignation Date, and the existence of any claim or cause of action of Mr. Waggener against Hutson or any of its Affiliates or any of the Released Parties, whether based on this Release or otherwise, shall not prevent the enforcement of these covenants.

9. The provisions of this Release are severable. If any term or provision of this Release or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Release, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby and each term and provision of this Release shall be valid and be enforced to the fullest extent permitted by law.

10. This Release shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns. This Release contains the complete understanding between the Parties and supersedes any and all agreements, understandings, and discussions, whether written or oral, between the Parties. No amendment, modification, or waiver of the terms of this Release shall be effective unless made subsequent to the execution of this Release in a writing that is signed by each of the parties hereto.  The Recitals are incorporated into this Release.

11. In the event that either Party claims that any other Party has defaulted hereunder, and seeks judicial enforcement of this Release, the non-prevailing Party shall be liable to the prevailing Party for expenses actually incurred and paid by the predominately prevailing Party, which include but may not be limited to reasonable attorneys' fees, all litigation expenses, court costs, and other out-of-pocket expenses associated with engaging legal counsel and pursuing litigation. Wherever provision is made in this Release or otherwise, for "attorneys' fees," costs or expenses, such terms shall be deemed to include accountants' and attorneys' fees and court costs whether or not litigation is commenced, including those for appellate proceedings and fees for paralegals and similar persons, fees for expert witnesses, travel, and all reasonable out-of-pocket expenses. The provisions of this Section 11 shall survive either the performance of or termination of this Release.

12. Both Parties have participated in the negotiation and preparation of this Release and no significance shall be given to and no presumption of law regarding the interpretation of this Release shall arise by virtue of the fact that either Party may have

prepared this Release. In the event of a conflict between the terms of this Release, the Agreement, the Agreement to Protect, and the Personal Indemnification Agreement, the terms of this Release shall control.

13. No failure or delay by either Party in exercising any right or remedy under this Release will waive any provision of this Release.

14. This Release shall be construed under the laws of the Commonwealth of Kentucky without regard to conflicts of laws principles.

15. The Parties agree that any disputes regarding any rights or obligations pursuant to this Release shall be resolved by final and binding arbitration as provided in the Agreement.

16. This Release shall be construed under the laws of the Commonwealth of Kentucky without regard to conflicts of laws principles. Either the Circuit Court for McCracken County, Kentucky or the United States District Court for the Western District of Kentucky, Paducah Division, shall have exclusive jurisdiction over any claim, dispute, action, suit or difference concerning or arising out of this Release or in any way relating to the relationship between Hutson and Mr. Waggener. Any litigation between the Parties shall be WITHOUT BENEFIT OF TRIAL BY JURY. The Parties hereby waive any defense of *forum non conveniens*.

17. This Release may be executed and signatures may be delivered by e-mail or facsimile.

18. Each of the Recitals above and other instruments referred to in this Release are hereby incorporated into and made a part of this Release as though set forth in full.

19. It is intended that this Release comply with the provisions of Section 409A of the Internal Revenue Code of 1986, as amended (the "Code"), and the Treasury Regulations relating thereto, or an exemption to Section 409A of the Code. Any payments that qualify for the "short-term deferral" exception or "separation pay" exception shall be paid under such exception. For purposes of Section 409A of the Code, each payment under this Release shall be treated as a separate payment for purposes of the exclusion for certain short-term deferral amounts. In no event may Mr. Waggener, directly or indirectly, designate the calendar year of any payment under this Release.

20. Mr. Waggener acknowledges and agrees that he will immediately return to Hutson all of Hutson's property, including accessories, computers, cell phones, equipment, supplies, files, customer lists, financials, reports, charts, documents, notes, e-mails, any other property Mr. Waggener received from Hutson, and any other Confidential Information which is in Mr. Waggener's possession or under Mr. Waggener's control, unless such property is necessary for completion of the transitional tasks, which such property shall be returned no later than August 28, 2024.

21. Time and strict and punctual performance are of the essence with respect to each provision of this Release.

THIS RELEASE IS THE ENTIRE AGREEMENT AND UNDERSTANDING BETWEEN THE PARTIES, AND EACH PARTY EXPRESSLY UNDERSTANDS AND AGREES THAT THIS IS A CONFIDENTIAL AND FULL, FINAL, AND BINDING RELEASE BETWEEN THE PARTIES.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[SIGNATURE PAGE FOLLOWS]

JOSHUA WAGGENER

By: *Joshua Waggener*
Joshua Waggener, individually